COMMONWEALTH *vs.* CERTAIN INTOXICATING LIQUORS, Joseph R. Burns, Claimant.

In a case of forfeiture of intoxicating liquors seized upon a complaint under Gen. Sts. *c.* 86, § 42, it need not appear upon the record that the complainants were summoned to appear as witnesses.

A direction in a search-warrant for intoxicating liquors, under Gen. Sts. *c.* 86, § 42, for the officer to " make due return of this warrant " is sufficient.

COMPLAINT under Gen. Sts. *c.* 86, § 42, for a search-warrant for certain intoxicating liquors alleged to be unlawfully kept and deposited in a certain tenement in Greenfield by Joseph R. Burns.

This complaint was addressed to a trial justice within and for the county of Franklin, and in the warrant issued thereon the officer was directed to " make due return of this warrant." It was in fact returned at Greenfield before the trial justice who issued it. At the trial in the superior court, Burns appeared as claimant, and moved that the complaint be dismissed; among other reasons, " because it does not appear in any part of the record that the complainants have been summoned to appear as witnesses," and " because there is no direction in the warrant to the officer to make a return before the same or some other justice of the peace or police court in the place where the liquor is alleged to be deposited or kept." This motion was overruled

and a judgment of forfeiture was entered, from which the claimant appealed to this court.

*G. W. Bartlett*, for the claimant.

*C. Allen*, Attorney General, for the Commonwealth. The direction for return of the warrant was in accordance with the form specially enacted. Gen. Sts. *c.* 86, § 63, p. 451.

CHAPMAN, J. Two only of the grounds stated in the defendant's motion to dismiss the complaint are now insisted on. The first is, that it should appear upon the record that the complainants were summoned to appear as witnesses. But it is settled in *Downing* v. *Porter*, 8 Gray, 542, that this objection is not valid.

The second is, that the warrant to search should have directed the return to be made before some justice of the town of Greenfield, where the liquors were alleged to be kept. But it was made returnable before the justice who issued it, and this is in conformity with the express provision of the statute. Gen. Sts. *c.* 86, § 42.                     *Exceptions overruled.*