COMMONWEALTH *vs.* CERTAIN INTOXICATING LIQUORS, Charles
R. Brown & another, claimants.

Neither the jurisdiction of the court, nor the validity of the proceedings, for the forfeiture
of intoxicating liquors seized on a searchwarrant under the St. of 1869, c. 415, is affected
by an omission to summon the complainants as witnesses, as directed by § 46.

COMPLAINT on the St. of 1869, c. 415, § 44, to the municipal
court of Taunton for a warrant to search the freight-house of the
Old Colony & Newport Railway Company in that city, for intox-
icating liquors alleged to be kept there by Patrick Cleary and
intended by him for unlawful sale in this Commonwealth.   Cer-
tain intoxicating liquors were seized on the warrant, which in the
opinion of the municipal court exceeded twenty dollars in value ;
notice was issued to all persons claiming any interest in them to
appear in the superior court ; and Charles R. Brown and another
appeared there as claimants.   At the trial, before *Scudder*, J.,
judgment was ordered for forfeiture of the liquors, and the claim-
ants alleged exceptions as follows :

" The issue presented to the jury was, ' Were the liquors de-
scribed in the complaint and which were seized upon the warrant,
or any part of them, at the time of said seizure, kept and depos-
ited by said Patrick Cleary for the purpose of being sold in vio-
lation of the laws of the Commonwealth ? '   Reuben H. Cobb,
one of the complainants, was not present at the trial ; and it was
admitted that he had not been summoned.   It was objected, on
the part of the claimants, that the complaint could not be sus
tained and the liquors and vessels containing them forfeited, be-
cause the complainants had not been summoned to appear as
witnesses, as by law required ; but the judge overruled the objec-
tion.   To the question submitted to them, the jury returned an
answer in the affirmative ; and the claimants except to the ruling
of the judge."

*S. R. Townsend*, for the claimants.

*C. Allen*, Attorney General, for the Commonwealth.

MORTON, J.   The only question raised by this bill of excep-
tions is, whether the fact that one of the complainants was not

summoned as a witness, at the trial in the superior court, is fatal to the validity of the proceedings. It does not appear that both complainants were not summoned to appear before the municipal court of Taunton, which issued the warrant. A failure to summon one of the complainants, who may have no knowledge upon the issues to be tried, as a witness in the superior court, it is clear, does not vitiate the proceedings.

But if the bill of exceptions is to be construed as finding that one of the complainants was not summoned as a witness before the municipal court of Taunton, we are of opinion that this fact would not invalidate the proceeding. The provision in the last clause of the forty-sixth section of the act of 1869, that " the complainants shall be summoned to appear as witnesses," is a direction to the magistrate and officers as to a duty to be performed after the warrant is issued. The summoning of the complainants is not one of " the formalities prescribed by the laws," without which " no warrant ought to be issued." And it is not a formality to be pursued after the warrant is issued, in which the claimant has any interest, such as the notice to him required by the statute. The provision we are considering is merely a direction to the officers of the law for the benefit of the Commonwealth, and if it is not complied with the claimant has no cause of complaint. It has already been decided that it need not appear upon the record that the complainants have been summoned as witnesses. *Downing* v. *Porter*, 8 Gray, 539. *Commonwealth* v. *Intoxicating Liquors*, 97 Mass. 62. And we are of opinion that, if in fact they have not been summoned, the failure to do so would not affect the jurisdiction of the court or invalidate the proceedings. *Exceptions overruled.*