COMMONWEALTH *vs.* CERTAIN INTOXICATING LIQUORS,
James Pickard, claimant.

Franklin.    Sept. 21. — Nov. 23, 1880.    COLT & MORTON, JJ., absent.

A warrant issued by a trial justice to an officer, under the St. of 1876, c. 162, in
which he is directed to "make due return of this warrant," does not authorize
him to return it to another trial justice.

COMPLAINT, under the St. of 1876, *c.* 162, to Francis M.
Thompson, a trial justice for the county of Franklin, alleging
that certain intoxicating liquors' were kept and deposited by
James Pickard of Northfield for sale contrary to law.    Upon
this complaint, Thompson issued a warrant to search the prem-
ises described in the complaint, and in the warrant the officer
was directed to "make due return of this warrant and of your
doings thereon."    The warrant was in fact returned before Wil-
liam S. Dana, another trial justice for the county, who certified
that the liquors seized, and the vessels containing them, ex-
ceeded $50 in value, and issued a notice to Pickard to appear
before the Superior Court at August term 1880.    In that court,
before the jury were empanelled, Pickard, who appeared as
claimant, moved that the proceedings be quashed for the follow-
ing reasons : " 1.  Because the officer did not return his warrant,
according to the order thereof, to the magistrate who issued it.
2.  Because the magistrate to whom the warrant was returned
had no jurisdiction in the case."    *Allen,* J. overruled this motion ;
and judgment was rendered for a forfeiture of the liquors.    The
claimant alleged exceptions.

*J. A. Aiken,* for the claimant.

*G. Marston,* Attorney General, for the Commonwealth.

LORD, J.    A single question only is presented in this bill of
exceptions.    That question is, Was the officer who served the
warrant issued by Francis M. Thompson, a trial justice, author-
ized to make return of the warrant to William S. Dana, another
trial justice, and did such return give to Dana jurisdiction of the
cause ?

We have no doubt that such return was unauthorized, and
that the justice who assumed to act in the premises had no juris-
diction.

It is true that from the earliest period it has been the practice for an officer to make return of a warrant committed to him to some justice other than the one who issued it; but that has been because the warrant has expressly authorized him to return it before any justice, *coram aliquo justiciarum nostrorum ad pacem*, &c.; a form of warrant which from a very early time has been authorized by the common law. 2 Hale P. C. 112. *Foster's case*, 5 Rep. 59 *a*. It is stated in Hale P. C. that a justice may make the warrant to bring the prisoner before any of his Majesty's justices of the peace, or before him who issued it, or any other justice; "and then it is in the election of the officer to bring him before which justice of the county he pleases." Or it might be issued without any such special direction, in which case it was returnable only before the magistrate who issued it.

The precise question which is raised in this case is whether an officer may in his own discretion make return of the warrant before any other magistrate than the one who issued it, when such authority is not expressed in the warrant. The claim of the Commonwealth is, that, inasmuch as the St. of 1876, *c*. 162, requires that the magistrate to whom complaint is made shall issue his warrant returnable before himself or some other justice of the peace or court having jurisdiction, and prescribes a form of such warrant, which form of warrant directs the officer to make due return of his proceedings, it is " a substantial following " of the warrant to make return of it before some justice other than the one who issued it, because the form of the warrant which the statute prescribes contains such authority, and the magistrate ought to have followed it.

We cannot adopt this view. It is too late now to say that a magistrate may not, in the exercise of his discretion, authorize an officer to make return of his warrant before some other magistrate than himself. Whether it is competent for the Legislature to compel a magistrate in the exercise of his judicial functions to submit to the discretion of an officer the selection of the magistrate before whom the defendant shall be tried, presents a very different question, which must be determined when it shall arise. This court has already recognized the right of the magistrate to disregard such legislative direction, by holding that the warrant is sufficient if no such order is contained

in it; *Commonwealth* v. *Intoxicating Liquors*, 97 Mass. 62; and, although the St. of 1876 was not then in force, the same form of warrant was required by *c.* 86 of the Gen. Sts., which was then in force. Nor is this defect aided by the fact that the officer was required to make "due return" of the warrant. There can be no due return of a warrant except to the magistrate who issued it, unless the warrant itself specifically permits some other return.

The officer in this case having assumed to make a return of the warrant in a manner not prescribed therein, his proceeding was irregular and unauthorized, and the magistrate who acted had no jurisdiction. *Exceptions sustained.*